# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **William David Cannon,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:18cv1071 (AJT/TCB)** |
| | ) | |
| **Director, Virginia Dep't of Corrections,** | ) | |
| **Respondent.** | ) | |

### MEMORANDUM OPINION

William David Cannon, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of numerous offenses following a jury trial in Circuit Court of the City of Virginia Beach. The matter comes before the Court on a Motion to Dismiss the petition filed by the respondent, to which petitioner has filed his opposition. For the reasons which follow, the Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

### I. Background

Following a jury trial in April, 2014, Cannon was found guilty of robbery with the use of a gun or simulated gun, abduction, armed statutory burglary, rape, and four counts of use of a firearm in the commission of a felony. The convictions of abduction, burglary and rape were based on Cannon's participation in those offenses as a principal in the second degree. On September 23, 2014, the trial court sentenced Cannon in accordance with the jury's recommendation to terms of incarceration of ten years for the robbery, twenty years for the armed statutory burglary, five years each for the rape and the abduction, and an aggregate of eighteen years mandatory minimum for the four unlawful use of a firearm convictions. The court imposed

the entire fifty-eight year term of imprisonment as an active sentence. Case Nos. CR12-189, CR12-1640, Cr14-83; Resp. Ex. 1-2.

Cannon took a direct appeal of his convictions of abduction, burglary and rape, as well as the three corresponding firearms convictions; he did not challenge the robbery conviction or its related firearms charge. The Court of Appeals of Virginia denied Cannon's appeal by a *per curiam* order entered May 4, 2015 and again on December 3, 2015 following review by a three-judge panel. The appellate court described the facts underlying Cannon's convictions as follow:

> [T]he evidence proved that on September 25, 2011, the victim returned to her apartment near midnight. As she parked her car, she noticed two men walking on the sidewalk. As she walked to her apartment, one of the men was in front of her and the other was behind her. When she reached the door, she heard a man tell her to stop. She turned and saw one of the men pointing a gun at her. She identified the gunman as Rolando Goodman. Goodman instructed the victim to go inside. [Cannon], the other man, stood by the door.
>
> Goodman pulled the victim to a back bedroom and attempted to tie her hands. [Cannon] initially remained at the front door but then came into the bedroom and asked Goodman where the victim's cash was located. The victim testified [Cannon] brought Goodman a roll of tape which Goodman used to bind her hands. Goodman gagged the victim by putting a sock in her mouth, searched her pockets, pulled down her pants, and penetrated her vagina with his penis. The victim could hear appellant opening drawers and closets in other rooms. During the sexual assault, [Cannon] entered the bedroom, laughed, and stated, "hurry up, I'm about to go get the car."
>
> The victim later discovered that jewelry and other items were taken from her residence. The police located some of the victim's property from a residence where [Cannon] had been living. In a statement following his arrest, [Cannon] admitted he was with Goodman during the home invasion. Both [Cannon] and Goodman had pawned some of the victim's property.

Cannon v. Commonwealth, R. No. 1898-14-1 (Va. Ct. App. May 4, 2015); Resp. Ex. 5. The

Supreme Court of Virginia refused Cannon's petition for further review on August 3, 2016.

Cannon v. Commonwealth, R. No. 151941 (Va. Aug. 3, 2016); Resp. Ex. 7.

On or about October 28, 2016, Cannon filed a petition for a state writ of habeas corpus in the trial court, raising the following claims:

I. The trial court abused its discretion by denying his motion to strike at the close of the Commonwealth's evidence.

II. The evidence was insufficient to sustain the verdicts.

III. He received ineffective assistance of trial counsel because counsel:

a. failed to object to the Commonwealth's statements;

b. failed to object to the standard of review at the motion to strike;

c. failed to make an appropriate argument to the jury;

d. failed to submit a "correction of facts" on appeal;

e. failed to establish that the Commonwealth had misrepresented facts at the Motion to Set Aside the Verdict; and

f. committed sufficient cumulative error to warrant relief.

IV. He received ineffective assistance of appellate trial counsel because counsel:

a. failed to state that the facts were in dispute;

b. failed to object to the misrepresentation of facts in the Commonwealth's Brief in Opposition;

> c. failed to assert that petitioner had the right to
> have the evidence viewed in his favor on appeal;
> and
>
> d. failed to argue that the concert-of-action jury
> instruction was without factual foundation.

> V. He was the victim of prosecutorial misconduct.

Resp. Ex. 8.

By an Order entered April 17, 2017, the Virginia Beach Circuit Court dismissed

Cannon's habeas corpus petition. Specifically, it determined that claims I and V were barred

from consideration by the rule announced in Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680,

682 (1974) that a non-jurisdictional issue that could have been but was not raised at trial and on

direct appeal is not cognizable in a petition for a writ of habeas corpus. Resp. Ex. 10. The court

further held that claim II was barred by the rule articulated in Henry v. Warden, 25 Va. 246, 576

S.E.2d 495, 496 (2003) that "a non-jurisdictional issue raised and decided either in the trial

[court] or on direct appeal from the criminal conviction will not be considered in a habeas corpus

proceeding." The court rejected claims III and IV on the merits. Id. The Supreme Court of

Virginia subsequently refused Cannon's petition for further review of that decision. Cannon v.

Dir., Dep't of Corr., R. No. 170821 (Va. Mar. 5, 2018); Resp. Ex. 12.

Cannon filed a petition for a writ of certiorari in the United States Supreme Court on May

25, 2018. Resp. Ex. 13. Respondent filed no opposition, and the petition was denied on October

15, 2018. Resp. Ex. 14.

Meanwhile, Cannon turned to the federal forum and timely filed this petition for a writ of

habeas corpus pursuant to § 2254 on August 27, 2018, raising the following claims:

> 1. His rights under the 6th and 14th amendments were

violated because the evidence was insufficient as a matter of law to sustain the verdicts.

2. His rights under the 5th, 6th and 14th amendments were violated when the prosecution misrepresented evidence and presented false statements to the jury.

3. His 6th and 14th amendment rights were violated when he received ineffective assistance of counsel on direct appeal, because counsel:

   a. Did not state that "The Facts are in Dispute" in the appellate brief.

   b. Did not object to misrepresentations of material facts in the Commonwealth's brief.

   c. Failed to argue that there was no factual basis to support the concert-of-action jury instruction.

4. His 6th and 14th amendment rights were violated when he received ineffective assistance of trial counsel, where counsel:

   a. Did not object when the prosecutor told the jury that Cannon had "come to the Mansards Apartments to rob people."

   b. Did not assert the actual facts and circumstances of the case to the court or the jury at the Motion to Strike or during the defense's case in chief.

   c. Did not submit an Objection and a Correction of Facts to be made part of the record for use on direct appeal.

   d. Made no attempt during the hearing on the Motion to Set Aside the Verdict to show that the Commonwealth's evidence was established through multiple egregious misrepresentations of material fact.

   e. Committed sufficient error that its cumulative effect violated his right to a fair trial.

5

f. Did not object to the concert-of-action jury instruction on the ground that it was unconstitutional and did not argue that it should not be given.

5. His rights under the 5th, 6th and 14th amendments were violated when two jury instructions stated mandatory presumptions that shifted the burden of proof to the defense to negate them.

Pet. at 2, 20, 34, 45, 61, 64, 64 (i) - (iv), 109.

On November 1, 2018, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief and exhibits, and provided Cannon with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 9-12]  Cannon subsequently filed an opposition. [Dkt. No. 16]  Accordingly, this matter is ripe for disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b);  Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982).  To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999);  Duncan v. Henry, 513 U.S. 364 (1995). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Picard v. Connor, 404 U.S. 270, 275-78 (1971); Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997).

In addition, "[a] claim that has not been presented to the highest state court nevertheless

may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Gray v. Netherland, 518 U.S. 152, 161 (1996). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. at 162. Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Where a state court "clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal claim." Breard v. Pruett, 135 F.3d 615, 619 (4th Cir. 1998). Thus, "[a] habeas petitioner is barred from seeking federal review of a claim that was presented to a state court and 'clearly and expressly' denied on the independent, adequate state ground of procedural default." Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996). A state procedural rule is "adequate if it is firmly established and regularly or consistently applied by the state courts, and "independent" if it does not depend upon a federal constitutional ruling. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998). Moreover, a claim is defaulted for federal purposes whenever a state court makes a finding of procedural default, regardless of whether it discusses the merits of the claim in the alternative. Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir. 1994) (holding that "where a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits if the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim."). Pursuant to these principles, claim 2, portions of claims 4(e)

and 4(f), and claim 5 of this petition are procedurally barred from federal review.

**Claim 2:** When Cannon raised his present claim 2 that he was the victim of prosecutorial misconduct in his state habeas corpus proceeding, where it was denominated claim V, the circuit court dismissed it expressly on the authority of Slayton, 205 S.E.2d at 682, because Cannon could have but did not raise the claim on direct appeal. Resp. Ex. 10, Final Order at 5. Because the Supreme Court of Virginia refused further review of the circuit court's decision without explanation, the same reasoning is imputed to it. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). The Fourth Circuit has held consistently that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision. See Reid v. True, 349 F.3d 788, 805 (4th Cir. 2003); Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia courts' express finding that Slayton barred review of Claim 2 of this petition also precludes its federal review, Bennett, 92 F.3d at 1343, and the fact that the claim also was determined to be without merit does not alter that conclusion. Alderman, 22 F.3d at 1549.

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

8

In his response to the Motion to Dismiss, Cannon argues that Claim 2 should be reviewed on the merits because the Virginia circuit court cited Elliott v. Warden, 274 Va. 598, 601 (2007) in finding the claim to be defaulted, and because the claim is expressed as a matter of constitutional dimension. [Dkt. No. 16 at 3-4] It is true that Elliott was among the authorities the Virginia court cited in determining that Cannon's claim of prosecutorial misconduct was defaulted, Resp. Ex. 10, Final Order at 5-6, but it did so expressly because Elliott is in accord with the Slayton rule upon which the court principally based its holding. Id. at 5. Cannon's argument that he expresses his claim here as a violation of his federal constitutional rights is irrelevant; the claim also was raised in the state courts as a violation of constitutional dimension, Resp. Ex. 8 at 3, yet it appropriately was found to be defaulted by the Slayton rule. Cannon has made no showing that he is actually innocent of the crimes of which he stands convicted, so the fundamental miscarriage of justice exception to the cause does not apply. See Richmond v. Polk, 375 F.3d 309, 323 (4th Cir. 2004) (exception applies only "where a constitutional violation has probably resulted in the conviction of one who is 'actually innocent' of the substantive offense."). Accordingly, Claim 2 of this petition is procedurally barred from consideration on the merits.

**Claims 3(a)-(c) and 4(a)-(d):** These claims are largely exhausted and will be discussed in detail in the "Analysis" section of this Memorandum Opinion, *infra*. To the extent that Cannon has augmented his present versions of these claims to attempt to add new factual support to arguments he made in the Virginia courts, however, those portions are simultaneously exhausted and defaulted, because if Cannon were to attempt to return to the state forum to exhaust them his petition would be subject to dismissal as both untimely and successive, and thus would be

9

procedurally defaulted under Va. Code §§ 8.01-654(A)(2) and (B)(2). Under such circumstances, a claim is procedurally barred from federal review. Gray, 518 U.S. at 161. Cannon argues that the unexhausted portions of these claims should be reviewed pursuant to Martinez v. Ryan, 566 U.S. 1 (2012), but he fails to show how the additional details he adds to the claims make them any more meritorious than they were when the state habeas court rejected them. Therefore, the present additions to Cannon's state habeas claims will not be considered here. See Hall v. Zook, No. 1:17cv602 (LMB/JFA), 2017 WL 6614622 (E.D. Va. Dec. 27, 2017) (noting that Cullen v. Pinholster, 563 U.S. 170 (2011) "'plainly bans' an 'attempt to obtain review of the merits of claims presented in state court in light of facts that were not presented in state court [and] Martinez does not alter that conclusion.'") (quoting Moore v. Mitchell, 708 F.3d 760, 785 (6th Cir. 2013).

**Claims 4(e) and 4(f)**: A portion of Claim 4(e) and Claim 4(f) are simultaneously exhausted and defaulted. Because Cannon attempts to overcome the default of these claims by relying on the Martinez exception, they will be addressed infra in the portion of this opinion concerning Cannon's claims of ineffective assistance of counsel.

**Claim 5**: In Claim 5, which was not raised in Cannon's state habeas petition, he argues that his constitutional rights were violated when two jury instructions stated mandatory presumptions that shifted the burden of proof to the defense to negate them. This claim is simultaneously exhausted and defaulted, because Cannon has not presented it to the Supreme Court of Virginia. Further, were he to attempt to do so now, his petition would be both untimely and successive, and thus would be procedurally defaulted under Va. Code §§ 8.01-654(A)(2) and (B)(2). Under such circumstances, a claim is procedurally barred from federal review. Gray, 518

U.S. at 161. Respondent notes that Cannon argued the substance of this claim in his unsuccessful petition for certiorari to the United States Supreme Court, but argues correctly that the claim was not thereby exhausted for purposes of federal habeas review. Resp. Brief at 22; see Picard, 404 U.S. at 275-78 (claim is exhausted for § 2254 review only when it was first fairly presented to the highest court of the state where the conviction was entered).

In his Response to the Motion to Dismiss, Cannon argues that Claim 5 should be considered exhausted because he argues in Claim 4(f) that trial counsel was ineffective for failing to object to the concert-of-action jury instruction as unconstitutional, and in Claim 5 he challenges the constitutionality of the jury instruction directly. [Dkt. No. 16 at 7] The problem with Cannon's position is that, as will be discussed infra, Claim 4(f) was never presented to the Supreme Court of Virginia, and since it thus remains unexhausted it cannot have served to exhaust Claim 5. Accordingly, Claim 5 is defaulted from federal consideration.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [the law] incorrectly." Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002). Thus, "[t]he question under the AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Mandrigan, 550 U.S. 465, 673 (2007). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). "If this standard is difficult to meet - and it is - 'that is because it was meant to be.'" Burt v. Titlow, 571 U.S. 12, 20 (2013) (quoting Richter, 562 U.S. at 102).

When a federal habeas petitioner challenges the reasonableness of the factual basis for a state conviction, the AEDPA "requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" Schriro, 550 U.S. at 473-74. Under the AEDPA standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

**Claim 1:** In his first federal claim (which was Claim II in Cannon's state habeas petition), Cannon argues that the evidence was insufficient as a matter of law to convict him as a

principal in the second degree to abduction, burglary and rape.[1] When Cannon made this same

argument on direct appeal, the Court of Appeals of Virginia rejected his position on the

following holding:

> "A principal in the second degree, or an aider or
> abettor as he is sometimes termed, is one who is
> present, actually or constructively, assisting the
> perpetrator in the commission of the crime. In order
> to make a person a principal in the second degree,
> actual participation in the commission of the crime
> is not necessary. The test is whether or not he was
> encouraging, inciting, or in some manner offering
> aid in the commission of the crime. If he was
> present lending countenance, or otherwise aiding
> while another did the act, he is an aider and abettor
> or principal in the second degree."

Thomas v. Commonwealth, 279 Va. 131, 156-57, 688 S.E.2d 220,
234 (2010) (quoting Muhammad v. Commonwealth, 269 Va. 451,
619 S.E.2d 16, 33 (2005)).

We have previously held that

> "proof that a person is present at the commission of
> a crime without disapproving or opposing it, is
> evidence from which, in connection with other
> circumstances, it is competent for the jury to infer
> that he assented thereto, lent to it his countenance
> and approval, and was thereby aiding and abetting
> the same."

---

[1] Although this claim was found to be procedurally defaulted in Cannon's state habeas corpus proceeding by the holding of Henry v. Warden, 576 S.E.2d at 496, the respondent acknowledges correctly that that determination created no impediment to federal consideration of the claim. See Crews v. Johnson, 702 F.Supp.2d 618, 624 n. 6 (W.D.Va. 2010) ("In the Fourth Circuit, however, the procedural bar of Henry v. Warden is not an adequate and independent state ground that precludes federal habeas review of petitioner's claims."), aff'd sub nom. Crews v. Clarke, 457 F. App'x 277 (4th Cir. 2011); Bell v. True, 413 F.Supp.2d 657 (W.D.Va. 2006) ("However, where the petitioner's claim concerns a federal constitutional issue, the rule set forth in Henry does not prevent federal habeas review of the claim.").

Pugliese v. Commonwealth, 16 Va. App. 82, 93-94, 428 S.E.2d 16, 25 (1993) (quoting Foster v. Commonwealth, 179 Va. 96, 99-100, 18 S.E.2d 314, 316 (1942)).

> In this case, [Cannon] concedes he fully participated in the robbery but asserts he did not join in or aid and abet the burglary, abduction or rape. However, the evidence demonstrated [Cannon] stood at the doorway as Goodman forced the victim inside and pulled her to a back bedroom. By standing guard at the door, [Cannon] aided Goodman in accomplishing the burglary and abduction. [Cannon] also brought Goodman the tape he used to bind the victim prior to sexually assaulting her. [Cannon] entered the room during the rape, suggested Goodman "hurry,"and indicated he was preparing to leave the scene. [Cannon's] actions again assisted Goodman in the commission of the offense. [Cannon] searched the victim's residence while Goodman raped the victim, provided Goodman assistance, and helped Goodman flee the scene. The evidence fully supports the jury's conclusion that [Cannon] aided and abetted and was guilty of the offenses as a principal in the second degree. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Cannon] was guilty of abduction, burglary, rape, and three counts of use of a firearm during the commission of a felony.

Cannon v. Commonwealth, R. No.1898-14-1, slip op. at 2-3. Because the Supreme Court of Virginia refused further review of the foregoing opinion without explanation, the reasoning of the Court of Appeals is imputed to it. Ylst, 501 U.S. at 803.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by state trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277,

292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993). Here, for the reasons which are thoroughly expressed in the Virginia court's opinion, it is apparent that a rational trier of fact could have found Cannon guilty of rape, burglary and abduction as a principal in the second degree under Virginia law. See Jackson, 443 U.S. at 319. Accordingly, the state courts' denial of relief on Cannon's claim was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts, and the same result is compelled here. Williams, 529 U.S. at 412-13.

In his Response to the Motion to Dismiss, Cannon takes issue with the recitation of facts set out in the Virginia court's opinion, and urges this Court to look to his own presentation of the "material facts" in assessing the sufficiency of the evidence under Jackson. [Dkt. No. 16 at 9-10] Settled precedent dictates to the contrary that a federal court on habeas review must defer to the state courts' findings of fact, Sumner, 449 U.S. at 546-47, and may not revisit the jury's determination of guilt. Wright, 505 U.S. at 292. Cannon's argument therefore must be rejected.

**Claim 3**: In his third federal claim (which was Claim IV in the state habeas proceeding), Cannon contends that he received ineffective assistance of appellate counsel for three reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). The AEDPA standard of review and the Strickland standard are dual and overlapping and are to be applied simultaneously rather than

15

sequentially. Harrington, 526 U.S. at 105. This results in a very high burden for a petitioner to overcome, because these standards are each "highly deferential" to the state court's adjudication, and "when the two apply in tandem, review is doubly so." Id.

To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233.

16

Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

The Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

In Claim 3(a), Cannon contends that appellate counsel provided ineffective assistance by failing to include a statement that "The Facts Are In Dispute" in the brief. When Cannon made the same argument in his state habeas petition, the Supreme Court of Virginia presumptively found the claim to be without merit for the following reasons:

> The Court finds that, on appeal, Cannon's counsel argued that "the evidence [was] insufficient to support his convictions for abduction, burglary, rape and three of the four counts of use of a firearm during the commission of a felony." Thus, Cannon's argument on appeal was not over what facts were presented at trial, but whether those facts were sufficient to support the jury's findings of guilt. The Court finds that it is well-established that selecting issues for appeal is a matter of strategy, and counsel need not raise every possible issue. See, e.g., Jones v Barnes, 463 U.S. 745 (1983). As the Supreme Court has noted, "The effect of adding weak arguments [on appeal] will be to dilute the force of the stronger ones." Jones, 463 U.S. at 752. Moreover, it is well-established in Virginia law that when reviewing a challenge to the sufficiency of the evidence, the appellate court reviews the evidence in the light *most* favorable to the party that prevailed at trial; here, the Commonwealth. See, e.g., Vasquez v. Commonwealth, 291 Va. 232, 247, 781 S.E.2d 920, 929 (2016). The Court credits counsel's averment that she selected the arguments that she felt "were supported by the trial evidence and the law." The Court holds that Cannon has therefore failed to establish that his counsel's actions were deficient for failing to state that the facts were in dispute.
>
> Further, the Court finds that Cannon has failed to establish that he was prejudiced by his counsel's actions. Cannon alleges that had his counsel asserted that the facts were in dispute, the Court of Appeals would have recognized that an evidentiary hearing was necessary. The Court finds that this assertion is wrong because Cannon is not entitled to an evidentiary hearing on appeal. To the contrary, the Court of Appeals and the parties are bound by the record. Further, the Court finds that the Court of Appeals had

access to the entire record of trial, including transcripts. Indeed, the Court of Appeals noted that "[t]he Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Cannon] was guilty of abduction, burglary and rape and three counts of using a firearm during the commission of a felony." Thus, the Court holds that Cannon has failed to allege or establish that any further recitation of the facts on appeal would have changed the outcome of his case. See Sigmon, 285 Va. 536, 739 S.E.2d at 910. As a result, the Court holds that Cannon has failed to establish that he was prejudiced under Strickland.

Resp. Ex. 10, Final Order at 20-21.

As the Virginia court acknowledged, federal law is clear that "appellate counsel is given wide latitude to develop a strategy," Lovitt v. Angelone, 208 F.3d 172, 189 (2000), and counsel is not required to assert every conceivable claim on appeal; indeed, counsel's choice of which appellate issues to pursue is virtually unassailable. Jones, 463 U.S. at 751-52. Therefore, as the court determined, appellate counsel's failure to state that "The Facts Are In Dispute" did not amount to deficient performance under Strickland. Further, the omission of such a statement did not cause Cannon to suffer prejudice, for the reasons the Virginia court clearly articulated. Accordingly, the state courts' determination that counsel did not thereby render ineffective assistance was factually reasonable and in accord with applicable federal principles, Strickland, supra; see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005) (attorney has no duty to make meritless arguments), and the same result is compelled here. Williams, 529 U.S. at 412-13.

In claim 3(b), Cannon contends that appellate counsel rendered ineffective assistance by failing to object to "the misrepresentations and falsification of facts" in the Commonwealth's brief opposing his petition for appeal. The Virginia courts found no merit to his argument for the following reasons:

The Court finds that Cannon has failed to identify any rule of court that would permit his counsel to object to the Commonwealth's statement of facts in its brief in opposition. Further, the Court finds that he has failed to allege, much less demonstrate, that any such objection would have been successful. As previously detailed, the trial record amply supported the Commonwealth's statements of facts and arguments. Thus, the Court holds that Cannon's counsel was not ineffective for failing to make a frivolous objection. See Correll, 232 Va. at 469-70, 352 S.E.2d at 361.

Additionally, the Court finds that Cannon fully presented the facts and his arguments in the Court of Appeals in his petition for appeal. The Court of Appeals then reviewed the entire record and found the evidence sufficient to support his convictions. Thus, the Court finds that Cannon's opinion and conclusory allegations of deficient performance are therefore inadequate to merit relief. Elliott, 274 Va. at 613, 652 S.E.2d at 480.

Furthermore, the Court finds that Cannon's argument that his appeal would have been granted had his counsel objected to the Commonwealth's recitation of facts is conclusory and unsupported by any facts. Fitzgerald, 6 Va. App. at 44, 366 S.E.2d at 618. What is more, the Court finds that Cannon has failed to establish that any objection to the Commonwealth's statement of facts would have changed the outcome of his appeal. See Sigmon, 285 Va. 536, 739 S.E.2d at 910. Indeed, the governing standard of review not only required the appellate courts to view the evidence in the light most favorable to the Commonwealth, but also to "discard" Cannon's conflicting evidence. Vasquez, 291 Va. at 247, 781 S.E.2d at 929. Thus, the Court holds that Cannon has failed to satisfy either prong of Strickland.

Resp. Ex. 10, Final Order at 21-22.

For all of the reasons articulated in the foregoing order, the Virginia courts' determination that appellate counsel did not run afoul of the Strickland principles by failing to object to "the misrepresentations and falsification of facts" in the Commonwealth's brief was factually reasonable and in accord with applicable federal principles. Consequently, that determination must be allowed to stand. Williams, 529 U.S. at 412-13.

In claim 3(c), Cannon asserts that appellate counsel was ineffective for failing to argue

that the concert-of-action jury instruction was unsupported by the facts. The Virginia Supreme

Court presumptively disagreed for the following reasons:

> The Court holds that selecting issues for appeal is a matter of strategy, and counsel need not raise every possible issue. See, e.g., Jones, 463 U.S. at 751. Indeed, "the process of 'winnowing out weaker claims on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Burger v. Kemp, 483 U.S. at 784 (other citations omitted). In applying the Strickland test to claims of ineffective assistance of counsel on appeal, reviewing courts must accord appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993); accord Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000).

> Here, the Court finds that counsel selected the arguments she felt were supported by the law and the evidence. D Resp. Ex. 10, Final Order at 20-21. Further, the Court finds that Cannon has failed to establish that the argument he proposes would have been successful. The Court finds that it is well-established that an individual may be convicted of a crime as a principle [sic] in the second degree where there is concert of action. See McMorris v. Commonwealth, 276 Va. 500, 505-06, 666 S.E.2d 348, 351 (2008). In defining concert of action, the Virginia Supreme Court has stated:

>> All those assemble themselves together with an intent to commit a wrongful act, the execution whereof makes probable, in the nature of things, a crime not specifically designed, but incidental to that which was the object of the confederacy, are responsible for such incidental crime ... Hence, it is not necessary that the crime should be a part of the original design; it is enough if it be one of the incidental probable consequences of the execution of that design, and should appear at the moment to one of the participants to be expedient for the common purpose.

> Thomas, 279 Va. at 157, 688 S.E.2d at 234 (quoting Brown v. Commonwealth, 130 Va. 733, 738, 107 S.E. 809, 811 (1921)). Further, the Virginia Supreme Court has noted that "it is well settled in Virginia that each co-actor is responsible for the acts of

the others, and may not interpose personal lack of intent as a defense." Carter v. Commonwealth, 232 Va. 122, 126, 348 S.E.2d 265, 267-68 (1986). Thus, the Court finds that, although Cannon's counsel objected to the instruction at trial, the jury instruction was supported by precedent and the evidence at trial. Additionally, the Court finds that the Virginia Supreme Court has previously examined that instruction and found that it "did not establish an improper presumption but merely stated a permissive inference." Thomas, 279 Va. at 166, 688 S.E.2d at 239 (quoting Schmitt v. Commonwealth, 262 Va. 127, 145, 547 S.E.2d 186, 198-99 (2001)). Therefore, the Court finds that Cannon has failed to establish that his counsel's decision not to raise this argument on appeal was deficient. Further, given this established precedent, the Court finds that Cannon cannot establish that, but for his counsel's failure to present this frivolous argument on appeal, the outcome of that proceeding would have been different. Therefore, the Court holds that Cannon has failed to demonstrate that his counsel violated either prong of Strickland.

Resp. Ex. 10, Final Order at 24-25.

The Virginia courts' resolution of this claim was neither contrary to nor based upon an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Indeed, Cannon in this claim "essentially asks this court to reverse the Supreme Court of Virginia on the question of whether it was objectively unreasonable for an attorney in Virginia to fail to make an [appellate argument] based purely on Virginia law ... [T]his is an issue on which [federal] deference to the state courts should be at its zenith." Barnabei v. Angelone, 214 F.3d 463, 471-72 (4th Cir. 2000). Accordingly, the decision of the Virginia courts to reject this claim must not be disturbed. Williams, 529 U.S. at 412-13.

**Claim 4:** In his fourth federal claim, Cannon argues that he received ineffective assistance of trial counsel for several reasons.

In Claim 4(a) (which was Claim III(a) in the state habeas petition), Cannon argues that trial counsel was ineffective for failing to object when the prosecutor told the jury that Cannon

21

had "come to the Mansards Apartment to rob people." The Virginia habeas court rejected this

contention for the following reasons:

> The Court finds that Cannon has failed to establish that this argument was false. Cannon admitted to police that he and Goodman went to the Mansards apartments to steal from people's cars. Further, Cannon admitted that, once they were in the victim's apartment, his mindset was "whatever I can get, I can get." Cannon also admits in his pleading that he stole valuables from the victim's apartment. The Court finds that, given Cannon's admissions he has failed to establish any good faith basis upon which his counsel could have objected to the Commonwealth's statements. Counsel is not ineffective for failing to make a frivolous objection. See Correll v. Commonwealth, 232 Va. 454, 469-70, 352 S.E. 2d 352, 361 (1987) (holding counsel had no duty to object to admission of presentence report because it was admissible); cf. Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) ("Counsel is not required to engage in the filing of futile motions.") (quoting Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005)). Therefore, the Court holds that Cannon has failed to establish that his counsel's performance was deficient under Strickland.

> In addition, the Court finds that Cannon has failed to demonstrate how such a frivolous objection would have changed the outcome of the his case. Cannon has neither alleged nor demonstrated that such an objection would have been successful. Further, the Court finds that, given Cannon's admitted involvement in the robbery, his knowledge that Goodman was armed, his watching at the door while Goodman threatened the victim with a gun and forced her inside the apartment, and the evidence that Cannon gave Goodman tape to bind the victim's hands and urged him to "hurry up" as he raped her, Cannon has not established a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. See Teleguz v. Commonwealth, 279 Va. 1, 12-13, 688 S.E.2d 865, 875 (2010). As a result, the Court holds that Cannon has failed to satisfy either prong under Strickland.

Resp. Ex. 10, Final Order at 10-11.

As the Virginia court expressly recognized, federal law holds that an attorney cannot be

found to have been ineffective for failing to file a futile motion. Moody, 408 F.3d at 151. For the

reasons which are amply explained in its opinion, the Virginia courts' rejection of this claim was

both factually reasonable and in accord with this controlling federal principle, Strickland, supra, and the same result accordingly is compelled here. Williams, 529 U.S. at 412-13.

In Claim 4(b) (which encompasses state Claims III(b) and (c)), Cannon contends that counsel was ineffective for failing to object to the court's use of the wrong standard of review for the motion to strike, and in failing to assert the actual facts and circumstances of the case to the jury. As to the first part of this compound argument, the Virginia courts found as follows:

> The Court finds that, at the motion to strike at the close of the Commonwealth's evidence, Cannon's counsel argued that Cannon was only present to take things from cars and that the rape and abduction were not a natural and probable consequence of that original intent to steal from cars. Cannon's counsel also noted Cannon's statement that he was shocked by what he saw Goodman doing and left the apartment after he saw it. Cannon's counsel moved to strike the armed burglary and firearms charges based on Cannon's statement that he entered the apartment after Goodman and the victim were already there. She further argued that, since the tape was given to Goodman before he started raping the victim, that act was not done in furtherance of the rape. In denying the motion to strike, the Court noted that Cannon was standing there when Goodman pulled a gun on the victim, that they went to the apartments with the intention to steal things, that Cannon stood at the door while everything was going on in the living room, and that he brought Goodman the tape in the bedroom. In addition, the Court noted that the determination of "whether the offense was a natural and probable result of the intended wrongful act is usually for the jury." The Court finds that the appropriate standard was used in ruling on Cannon's motion to strike at the close of both the Commonwealth's evidence and at the close of all the evidence. Rule 3A:15. Thus, the Court holds that Cannon's counsel was not ineffective for failing to make a frivolous objection. See Correll, 232 Va. at 469-70, 352 S.E. 2d at 361.

> Further, the Court finds that Cannon has not established that he was prejudiced by his counsel's failure to object. The Court finds that Cannon has failed to allege, much less demonstrate, that such an objection would have been successful. Additionally, Cannon only argues that such an objection would have alerted the Court to the error and preserved it for appeal. Thus, the Court finds that Cannon has failed to allege and demonstrate that the outcome of the trial would have been any different but for his counsel's alleged

error. See Sigmon, 285 Va. at 536, 739 S.E.2d at 910 (holding ineffective assistance of counsel claims were "facially lacking" under the "prejudice" prong of the two-part test in Strickland, for "fail[ing] even to assert, much less demonstrate, that but for counsel's alleged errors, the result of his trial would have been different"). Indeed, the Court finds that subsequent review by the Virginia Court of Appeals and the Virginia Supreme Court squarely forecloses this argument. The Court of Appeals expressly found the evidence sufficient to support the Court's judgment, thus defeating any argument that application of a different standard would have yielded a different result. Thus the Court holds that Cannon has failed to satisfy either prong of the Strickland test.

Resp. Ex. 10, Final Order at 12-13.

For the same reasons which have been discussed in connection with Cannon's earlier claims, the foregoing determination was factually reasonable and in accord with controlling federal authorities, Strickland, supra, and hence must be allowed to stand. Williams, 529 U.S. at 412-13.

As to the second portion of Claim 4(b), where Cannon asserts that his counsel was ineffective for failing to argue the actual facts and circumstances of the case to the jury, the Virginia courts determined as follows:

Selecting which arguments to advance and which to ignore is a tactical choice reserved for counsel and is not subject to second-guessing on collateral review. See Gonzalez v. United States, 553 U.S. 242, 249 (2008) ("Numerous choices affecting conduct of the trial, including the objections to make, the witnesses to call, and the arguments to advance, depend not only upon what is permissible under the rules of evidence and procedure but also upon tactical considerations of the moment and the larger strategic plan for trial.") ... Here, the Court finds that what Cannon characterizes as the "material and exculpatory facts" were in evidence for the jury to consider. Furthermore, the Court finds that Cannon's counsel pursued a reasonable defense in attempting to convince the jury that even though Cannon embarked with Goodman on a scheme to steal from cars, the decision to abduct and rape the victim was entirely Goodman's and Cannon did nothing to aid and abet that separate scheme. The fact that his defense was unsuccessful does not demonstrate that counsel's performance

was deficient. See Richter, 562 U.S. at 109-10; Lawrence v. Branker, 517 F.3d 700, 716 (4th Cir. 2008); Wright v. Angelone, 151 F.3d 151, 161 (4th Cir. 1998).

The Court finds that, at closing, Cannon's counsel emphasized that: 1) Cannon was only there to rob cars; 2) there were no fingerprints or other evidence establishing that the tape found in Cannon's apartment was the same tape used to bind the victim; 3) Cannon was not in the room when Goodman raped the victim; and 4) Cannon was shocked and horrified by Goodman's actions. Thus, the Court finds that, of the five ""facts" that Cannon now complains his counsel failed to raise, she actually presented four of them for the jury's consideration. With respect to the fifth "fact," that Cannon was not even in the apartment when the victim was raped, the Court finds that the record does not support this claim. To the contrary, Cannon's statement to the police established that he "knew what [Goodman] was doin[g]" and that "he [saw] him having sex with her." Further, Cannon's apology note indicates that he "should [have] been a bigger man and stop [sic] what was going on." In addition, the Court finds that the victim's testimony that Cannon entered the room while she was being raped further contradicts this claim. Thus, the Court finds that Cannon has failed to establish that his counsel's performance was deficient under Strickland.

The Court further finds that Cannon also has failed to allege and demonstrate that the jury would have reached a different verdict had his attorney emphasized the arguments he suggests. See Sigmon, 285 Va. at 536, 739 S.E.2d at 910. Indeed, the Court finds that Cannon's counsel did argue that the Commonwealth had failed to establish that Cannon was a principal in the second degree or that there was a concert of action with respect to the rape and abduction. Further, the jury had the opportunity to hear Cannon's version of events through his recorded interview with police. Considering all the evidence, the jury convicted Cannon of these crimes. The Court holds that the fact that Cannon's counsel did not make the argument or present the evidence the same way Cannon or another attorney would have does not demonstrate ineffective assistance, nor does it establish that, but for counsel's alleged errors, the jury would have reached a different verdict. See Teleguz, 279 Va. at 6, 688 S.E.2d at 871; Strickland, 466 U.S. at 694. As a result, the Court holds that Cannon has failed to satisfy either prong of Strickland.

Resp. Ex. 10, Final Order at 13-15.

As the Virginia court recognized, it is well settled in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir. 2009), quoting Strickland, 446 U.S. at 690-91. A considered choice regarding the use of defenses is one such strategic choice, and it consequently is entitled to a "strong presumption" that it amounted to reasonable professional assistance. Cardwell v. Netherland, 971 F.Supp. 997, 1019 (E.D. Va. 1997); Strickland, 466 U.S. at 689. Here, it is apparent that defense counsel made a considered and reasonable choice to argue exactly what Cannon now suggests - that he was not a principal in the second degree and that there was no concert of action with respect to the rape and abduction. The fact that the jury chose to reject those arguments and to find Cannon guilty does not indicate that counsel provided ineffective assistance in advancing them. The decision of the Virginia courts with respect to claim 4(b) was in accord with these principles, and its result accordingly must not be disturbed here. Williams, 529 U.S. at 412-13.

In Claim 4(c) (which was claim III(d) in the state courts), Cannon contends that trial counsel provided ineffective assistance by failing to file a "correction of facts" with his petition for appeal. The Virginia courts determined this claim to be meritless:

> The Court finds that Cannon has failed to establish that his counsel's actions were deficient. While Cannon complains that his counsel failed to file a "correction of facts" pursuant to Supreme Court Rule 5A:8, the Court finds that the section to which he refers addresses a written statement *in lieu* of transcripts. Since the transcripts of this case were submitted to the Court of Appeals in accordance with Rule 5A:8(b), the Court finds that there was no need for Cannon's counsel to submit a written statement. Further, the Court finds that Cannon has failed to identify with specificity any errors that existed in the transcripts that required correction

26

pursuant to Rule 5A:8(d). The Court holds that habeas corpus relief is not warranted where the petitioner fails to "articulate a factual basis to support [his] claims." Muhammad v. Warden, 274 Va. 3, 17, 646 S.E.2d 182, 194 (2007); cf. Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) ....Thus, the Court holds that Cannon's mere conclusion that his counsel's performance was constitutionally unreasonable is insufficient to merit relief.

Additionally, the Court finds that Cannon has failed to establish that he was prejudiced by his counsel's alleged failure to correct the record. ... In the context of an appeal, the Court further finds that Cannon has failed to demonstrate how such an objection would have changed the rulings of either the Court of Appeals or the Supreme Court. Indeed, Cannon makes the same argument here that he presented on appeal: that he was not an active participant in the burglary, abduction or rape of the victim. However, the Court of Appeals held that Cannon "aided and abetted Goodman in accomplishing the burglary and abduction" by standing guard at the door, and that "[t]he evidence fully support[ed] the jury's conclusion that [Cannon] aided and abetted and was guilty of the offenses as a principal in the second degree." The Court finds that Cannon's conclusory argument fails to establish how the evidence at trial failed to support the jury's verdicts. Thus, the Court holds that Cannon has failed to establish a violation of either prong of Strickland.

Resp. Ex. 10, Final Order at 15-16.

For the reasons which are clearly explained in the state court's foregoing order, the fact that trial counsel did not file a "correction of facts" for use on appeal satisfies neither prong of the Strickland test, so its rejection of claim 4(c) may not be disturbed. Williams, 529 U.S. at 412-13.

In Claim 4(d) (which was state claim III(e)), Cannon argues that trial counsel was ineffective for failing to argue during the motion to set aside the verdict that the Commonwealth's case was based on a misrepresentation of the facts. The Virginia courts rejected this contention for the following reasons:

The Court finds that Cannon has failed to establish that his counsel's performance was deficient under Strickland. The Court finds that, at the motion to set aside the verdict, Cannon's counsel argued that the evidence was insufficient to establish that the rape and abduction were natural probable consequences of Cannon's participation on a robbery. Counsel also argued that Cannon's presence when Goodman raped the victim was insufficient for him to be convicted as a principal in the second degree. The Court finds that, while Cannon asserts in conclusory fashion that his counsel should have presented the "real facts" to the Court, he has failed to proffer what alternative arguments his counsel should have made, or provide any evidence to contradict the facts established at the trial, including his voluntary statements to the police. The Court finds that this failure to proffer is fatal to his claim. Muhammad, 274 Va. at 17, 646 S.E.2d at 194.

To the extent that Cannon relies upon his summary of facts to support this claim, the Court finds that his allegations are unsupported by the evidence.

Cannon alleges that the Commonwealth misrepresented the fact that he had come to the Mansards apartments to rob people; however, the Court finds that Cannon himself admitted that his intent was to break into people's cars and steal their personal property. ...

Cannon alleges that the Commonwealth misrepresented him as the "get-away driver," however the Court finds that his proffered evidence established that he drove his girlfriend's SUV on the night of these offense, and that he drove Goodman to Portsmouth after they left the victim's apartment. ...

Cannon alleges that the Commonwealth misrepresented the fact that he and Goodman were side-by-side when Goodman pulled the gun and commenced that burglary and abduction. However, the Court finds that Cannon admits that he saw Goodman present the gun and none of the victim's testimony contradicted that statement. ...

Cannon alleges that the Commonwealth misrepresented the fact that he handed Goodman the tape that was used to bind the victim. But, the Court finds that the victim testified to that fact at trial. ...

Cannon alleges that the Commonwealth misrepresented the fact

that his presence in the apartment during the rape was an act in furtherance of the crime. The Court finds that that argument, however, did not assert a fact but a conclusion of law that the Commonwealth asked the jury to find from the evidence presented. ... Indeed, the Court of Appeals agreed that Cannon's presence in the room during the rape, as well as his providing the tape to bind the victim and exhorting Goodman to "hurry up," were acts that assisted Goodman in the commission of the crimes. ...

Cannon alleges that the Commonwealth misrepresented the fact that he said "hurry up" while the rape was ongoing. The Court finds that the victim testified that, while Goodman was raping her, Cannon walked into the room, laughed, and said "hurry up." ...

Finally, Cannon alleges that the Commonwealth misrepresented the fact that his telling Goodman to "hurry up" was an act in furtherance of the crime. Again, the Court finds that this was not a statement of fact, but a conclusion of law for the jury's determination. ... Thus, the Court holds that Cannon has failed to establish that the Commonwealth misstated the evidence or misled the Court. See Juniper [v. Warden], 281 Va. [277] at 299, 707 S.E.2d [290] at 309 [2011].

As a result, the Court finds that Cannon has failed to identify any misrepresentations that his counsel could have corrected. To the extent that Cannon's theory of the case differed from the Commonwealth's theory, the Court finds that that argument was thoroughly presented to the Court and the jury. The fact that the jury did not believe Cannon's self-serving version of events, or that its chose to believe the victim's account instead of his, does not establish that his counsel's efforts were deficient. Thus, the Court holds that Cannon has failed to satisfy Strickland's performance prong.

Further, the Court finds that Cannon has failed to establish that he was prejudiced by his counsel's actions. The Court finds that Cannon cannot demonstrate that the outcome of the motion to set aside the verdict would have been different had the his counsel asserted the "real facts." ... The Court finds that the appropriate standard of review was applied to the motion to set aside the verdict and that the jury's verdict was not plainly wrong or without evidence to support it. Thus, the Court holds that Cannon's claims fails to establish a violation of either prong of Strickland.

Resp. Ex. 10, Final Order at 16-19.

For the reasons which are thoroughly stated in the foregoing Order, Cannon's allegation that counsel provided ineffective assistance by failing to correct misrepresentations of favt at the motion to set aside the verdict satisfies neither prong of the controlling Strickland analysis, so the Virginia courts' rejection of Claim 4(d) warrants no federal relief. Williams, 529 U.S. at 412-13.

In a portion of Claim 4(e) (which was state claim III(f)), Cannon asserts that he is entitled to habeas relief based on the cumulative prejudice of the totality of trial counsel's performance. The Virginia courts determined the claim did "not set forth a cognizable basis for habeas corpus relief" because "Virginia law does not recognize such a claim." Resp. Ex. 10, Final Order at 19. Further, the court expressly looked to applicable Fourth Circuit precedent which holds that federal law likewise recognizes that the cumulative effect of non-errors does not amount to error. See Fisher v. Angelone, 163 F.2d 835, 852 (4th Cir. 1998) (noting that, where it is determined that none of counsel's actions amounted to constitutional error, "it would be odd, to say the least, to conclude that those same actions, when considered collectively," deprived defendant of a fair trial); Mueller v. Angelone, 181 F.3d 557, 586 n. 22 (4th Cir. 1999) (holding that the "cumulative effect" argument is "squarely foreclosed" by Fisher). Under these circumstances, this portion of Claim 4(e) patently warrants no relief.

In the remainder of Claim 4(e), Cannon contends that appellate counsel's performance also should be considered in his cumulative prejudice claim. In claim 4(f), he asserts that trial counsel provided ineffective assistance by failing to object to the concert-of-action jury instruction on the ground that it was unconstitutional and did not argue that it should not be given. Both of these arguments are deemed to be simultaneously exhausted and defaulted

30

because Cannon did not raise them in the Supreme Court of Virginia. Gray, 518 U.S. at 161.

Cannon asks this Court to excuse the default of these claims pursuant to the rule announced in

Martinez, 566 U.S. at 1. In that case, the Supreme Court

> ... held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for default 'consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law requires 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.'

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at ___,

133 S. Ct. 1911, 1918 (2013). The Fourth Circuit has interpreted Martinez as creating a "narrow

exception" to the general rule announced in Coleman v. Thompson, 501 U.S. 722, 754-55 (1991)

that "an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as

cause to excuse a procedural default." Now under Martinez, "inadequate assistance of counsel

[or no counsel] at initial-review collateral proceedings may establish cause for a prisoner's

procedural default of a claim of ineffective assistance at trial." Id., 566 U.S. at 9.

Martinez does not apply to permit review of Cannon's defaulted ineffective assistance

arguments  because the allegations he presents are not sufficiently "substantial" to come within

the "narrow exception" it created. As the Court in that case stressed, "To overcome the default, a

prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is

a substantial one, which is to say that the prisoner must demonstrate that the claim has some

merit." Martinez, 132 S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims

are "substantial," Fowler, 753 F.3d at 461, and Cannon fails to make such a showing.

In the defaulted portion of Claim 4(e), Cannon argues that the efforts of his appellate counsel contributed to the cumulative prejudice he suffered as the result of his lawyer's ineffective assistance. As discussed above, however, nether Virginia nor federal law recognizes cumulative prejudice as a cognizable basis for habeas corpus relief. Fisher, 163 F.2d at 852. Moreover, the Supreme Court has expressly declined to extend the holding in Martinez to allow a federal court to reach a procedurally barred claim of ineffective assistance by an appellate lawyer. Davila v. Davis, __ U.S. __, 137 S.Ct. 2058, 2065 (2017). Clearly, then, Cannon fails to overcome the default of this portion of Claim 4(e).

In Claim 4(f), Cannon contends that his trial counsel provided constitutionally deficient representation by failing to object to the concert-of-action jury instruction or to argue against its use on the ground that it impermissibly shifted the burden of proof to the defense. To establish that this claim is substantial and hence warrants application of the Martinez exception, Cannon would have to demonstrate both that it is meritorious and that "no competent counsel, in the exercise of reasonable professional judgment, would have omitted" the argument Cannon now suggests. See Hittston v. GDCP Warden, 759 F.3d 1210, 1263 (11th Cir. 2014). This he cannot do.

First, the record reveals that counsel in fact did object to the concert-of-action jury instruction, albeit not on the ground of unconstitutionality Cannon now suggests. See Tr. 4/9/2014 at 271-72. Moreover, even had counsel done so, the objection properly would have been overruled. Cannon argues that the concert-of-action instruction, coupled with the instruction that the jurors could infer that a person intends the natural and probable consequences

of his actions, created a unconstitutional mandatory presumption and thus violated the rule of Sandstrom v. Montana, 442 U.S. 510 (1979) and its progeny. Pet. at 102-09. It is true that the due process guarantee is violated when the burden of disproving an element of a crime charged is shifted to the defendant. Mullaney v. Wilbur, 421 U.S. 684 (1975). Thus, where a jury instruction shifts the burden of persuasion by means of a mandatory presumption, an ensuing conviction cannot stand. Sandstrom, 442 U.S. at 514 - 15. On the other hand, where the jury instruction creates no more than a permissive inference, the Due Process Clause is violated only if the suggested conclusion is unreasonable in light of the proven facts. Francis v. Franklin, 471 U.S. 307, 314 - 15 (1985); Ulster County Court v. Allen, 442 U.S.140, 157 - 63 (1979). The nature of a presumption is determined by analyzing the "words actually spoken to the jury," because "whether a defendant has been accorded his constitutional rights depends upon the way in which a reasonable juror could have interpreted the instructions." Sandstrom, 442 U.S. at 514.

In this case, the jury was instructed that "[i]f there is a concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way to bring it about are equally answerable and bound by the acts of every other person connected with the consummation of ... such resulting crime." Tr. 4/9/2014 at 276. In addition, the jury received the Virginia standard instruction that "[y]ou may infer that every person intends the natural and probable consequences of their acts." Id. at 275. These instructions, either alone or in concert, did not violate Cannon's right to due process. "The Sandstrom line of cases addresses jury instructions that explicitly create a presumption of intent by using the word 'presume.'" Hall v. Dir., Va. Dep't of Corr., No. 3:09cv647, 2010 WL 3522966 at *6 (E.D. Va. Sep. 7, 2010), and cases cited at n.7. The concert-

of-action instruction given to Cannon's jury contained no such language. In addition, the constitutional validity of Virginia's instruction on natural and probable consequences is well established. See Morva v. Davis, No. 7:13cv00283, 2015 WL 1710603, at *33 (W.D. Va. Apr. 15, 2015) ("In order to find a violation of Sandstrom [from the use of Virginia's natural and probable consequences instruction], the court would have to read the permissive term 'may' in the instruction ... as the mandatory terms 'should' or 'shall.' [The instruction] permitted the jury to infer intent as to the consequences of an act, but did not require such an inference. As such, it did not improperly shift the burden of proof, run afoul of Sandstrom, or violate due process."), aff'd, 821 F.3d 517 (4th Cir. 2018). Cannon offers no plausible argument to support his theory that giving his jury two factually-appropriate instructions that have been held not to violate Sandstrom somehow created a Sandstrom violation. Accordingly, he cannot show that trial counsel violated either prong of the Strickland analysis by failing to make such a frivolous argument, and he has failed to carry his burden to show that this claim of ineffective assistance is sufficiently substantial to warrant application of the Martinez exception to excuse its default.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this _2 8__ day of __May_____ 2019.

/s/

Anthony J. Trenga
United States District Judge

Alexandria, Virginia